UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| KATAYOON YAHYAEI;<br>VAHID VALIKHANI;<br>   16300 Ledgemont Ln, Apt 901,<br>   Addison, TX 75001<br><br>                Plaintiff(s)<br><br>                v.<br><br>KRISTI NOEM, in her official capacity,<br>Secretary, U.S. Department of Homeland<br>Security;<br>KIKA SCOTT, in her official capacity,<br>Director, U.S. Citizenship and Immigration<br>Services;<br>   2707 Martin Luther King Jr. Ave, SE<br>   Washington, DC 20528-0485<br><br>PAM BONDI, in her official capacity,<br>Attorney General, Office of Attorney General,<br>U.S. Department of Justice;<br>   950 Pennsylvania Avenue, NW<br>   Washington, DC 20530-0001<br><br><br>                Defendant(s). | Civil Action No. 3:25-cv-981 |

**PLAINTIFFS' ORIGINAL COMPLAINT**
**FOR WRIT OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE**
**PROCEDURE ACT**

Daniel W. Son, Jr., Attorney for Plaintiffs, JEELANI LAW FIRM, PLC, 511 E John W Carpenter Fwy # 500, Las Colinas, TX 75062, Ph: 312-767-9030, Facsimile: 312-767-9030, Email: danny@jeelani-law.com.

1

**INTRODUCTION**

COME NOW KATAYOON YAHYAEI (hereinafter "Plaintiff YAHYAEI" or collectively "Plaintiffs") and VAHID VALIKHANI (hereinafter "Plaintiff VALIKHANI" or collectively "Plaintiffs") the Plaintiffs, by and through the undersigned attorney, in the above cause, and state as follows:

1. Plaintiff YAHYAEI is the lawful permanent resident spouse of Plaintiff VALIKHANI, a citizen of Iran. On January 20, 2023, Plaintiff YAHYAEI lawfully filed Form I-130, Petition for Alien Relative ("Petition") with the United States Citizenship and Immigration Service for her spouse to become a permanent resident of the United States. On February 27, 2024, Plaintiff VALIKHANI timely, completely, and lawfully filed Form I-485, Application to Register or Adjust Status[1], and paid the associated fees, to apply for the resulting benefit from his spouse's Petition. Along with the Form I-485 Application, Plaintiff VALIIKHANI filed Form I-765 Application for Employment Authorization, and Form I-131 Application for Travel Documents, Parole Documents, and Arrival/Departure Record, to request advance parole for travel authorization while his Form I-485 remains pending with USCIS. This action is brought as a result of Defendants' failure to adjudicate Plaintiff YAHYAEI's Form I-130, Petition for Alien Relative ("Petition" or collectively "respective Forms") and Plaintiff VALIKHANI's Form I-765, Application for Employment Authorization and Form I-131, Application for Travel Document (collectively "respective Forms"), within a reasonable period of time. The respective Forms have been in pending status for a period of over two years and three months (over 27

---

[1] Although Plaintiff has a pending Form I-485 (Application to Register Permanent Residence or Adjust Status), his priority date is not yet current under the Visa Bulletin for his preference category as the spouse of a lawful permanent resident. As such, a visa number is not currently available, and USCIS cannot adjudicate the I-485 application until the priority date becomes current. Nevertheless, Plaintiff remains eligible for interim benefits associated with a pending I-485, including employment authorization (Form I-765) and advance parole (Form I-131), which allow lawful employment and international travel while awaiting final adjudication of the Form I-485.

months or 821 days) and over one year and one month (over 13 months), respectively, without a final resolution. The Plaintiffs have a clear right to the adjudication of their respective Forms within a timely manner. The final adjudication of the respective Forms is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

2.     The delay in making a decision on Plaintiffs' respective Forms extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

3.     Defendants cannot reasonably use COVID-19 as a defense to their failure to adjudicate the respective Forms as most, if not all, USCIS field offices are fully operational at this time; as such COVID-19 related issues do not prohibit an officer's ability to complete the adjudication of the respective Forms.

4.     Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on Plaintiffs' respective Forms.

**PARTIES**

5.     Plaintiff KATAYOON YAHYAEI is a lawful permanent resident and for purposes of the instant action she is a resident of Dallas County, Texas. She is the petitioner of a pending Form I-130, Petition for Alien Relative, which was filed naming her spouse, Plaintiff VALIKHANI, as the beneficiary.

6.     Plaintiff VAHID VALIKHANI is a citizen of Iran and for purposes of the instant action, he is a resident of Dallas County, Texas. He is the beneficiary of a pending Form I-130, Petition for Alien Relative, filed by his lawful permanent resident spouse, Plaintiff YAHYAEI. The pending Form I-130 allows beneficiary qualification for Plaintiff VALIKHANI to adjust his

3

status to a permanent resident of the United States. Plaintiff VALIKHANI is also the applicant of a properly filed Form I-485, Application for Adjustment of Status, Form I-765, and Form I-131.

7. Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant NOEM is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

8. Defendant KIKA SCOTT is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

9. Defendant PAM BONDI is the Attorney General of the United States; she is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against her in her official capacity.

## JURISDICTION AND VENUE

10. This Court has jurisdiction to hear this complaint, and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

11. Venue is proper in the District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1391(e) in that this is the district in which Plaintiffs reside, and no real property is at issue in the instant case.

## EXHAUSTION OF REMEDIES

12. The Plaintiffs have repeatedly requested the Defendants to make a final decision on their respective Forms. Furthermore, Plaintiffs have initiated numerous inquiries with USCIS without any resolution.

13. The Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied USCIS with documents that establish Plaintiffs' eligibility for the approval of their respective Forms.

14. There are no further administrative remedies available for Plaintiffs to utilize.

## FACTUAL ALLEGATIONS

15. On January 20, 2023, Plaintiff YAHYAEI filed, and paid the required government fees for, Form I-130, Petition for Alien Relative, naming her spouse, Plaintiff VALIKHANI, as the named beneficiary, with USCIS. **[EXHIBIT A]**.

16. On February 27, 2024, Plaintiff VALIKHANI filed, and paid the required government fees for, Form I-485, Application to Adjust Status, with USCIS (Receipt# IOE0924553290). Along with the Form I-485, Plaintiff VALIKHANI also filed Form I-765 Application for Employment Authorization and Form I-131 Application for Advance Parole, both of which remain pending with USCIS. **[EXHIBIT B].**

17. On March 29, 2024, Plaintiff VALIKHANI appeared at the designated USCIS Application Support Center, where he completed his required biometrics for his Form I-485 and I-765. On April 17, 2024, Plaintiff VALIKHANI was informed that USCIS would be able to reuse his previously captured fingerprints and other biometrics in connection with his Form I-131 Application. **[EXHIBIT C].**

18. On August 14, 2024, Plaintiff VALIKHANI submitted an expedite request with USCIS to request the expedited processing of his Form I-765 Application. However, Plaintiff's expedite request with USCIS has not resulted in a meaningful resolution.

19. USCIS has made no requests for evidence or information from the Plaintiffs and neither have Defendants completed the adjudication of Plaintiff YAHYAEI's Form I-130, or Plaintiff VALIKHANI's Form I-765 and Form I-131 Applications.

20. Plaintiffs have made numerous inquiries over the past two years and three months, (over 27 months or 821 days) since the date Plaintiff YAHYAEI filed her Form I-130, Petition, and for over one year and one month (over 13 months) since Plaintiff VALIKHANI filed Form I-765 and Form I-131, with USCIS and have requested adjudication of the respective Forms.

21. Plaintiffs' inquiries have not resulted in any meaningful responses from USCIS.

22. Plaintiffs' respective Forms now continue to be pending with USCIS for a total period of over past two years and three months, (over 27 months or 821 days) and one year and one month (over 13 months or 402 and 418 days, respectively).

23. The delay in making a decision on the Plaintiffs' respective Forms extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

24. In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2023 of 11.8 months for the adjudication of Form I-130. Plaintiff YAHYAEI's Form I-130 has been pending for over 26 months (881 days), which is over two times the historical average processing time as reported by USCIS.[2]

---

[2] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

25.     In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2024 of 8.9 months for the adjudication of Form I-765. Plaintiff VALIKHANI's Form I-765 Application has been pending for over 13 months, which is almost one and a half times the historical average processing time as reported by USCIS.[3]

26.     In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2024 of 5.9 months for the adjudication of Form I-131. Plaintiff VALIKHANI's Form I-131 Application has been pending for over 13 months, which is over two times the historical average processing time as reported by USCIS.

27.     Defendants have refused to provide further explanation which would merit the need for over 26 months of processing time for Form I-130, and for over 13 months for Forms I-1-765 and Form I-131.

28.     Plaintiffs have endured significant financial and emotional burdens as a result of the unreasonable period of time that their respective Forms have been pending review.

29.     Plaintiff YAHYAEI has been deprived of the right she has as a lawful permanent resident to qualify her spouse to become a lawful permanent resident of the United States.

30.     Plaintiff VALIKHANI has been deprived of the opportunity to have accumulated sufficient time as a permanent resident to become a U.S. citizen.

31.     Moreover, Plaintiffs has incurred significant attorney's fees due to the Defendants' failure in adjudicating Plaintiffs' Applications within a reasonable period of time.

## COUNT I

### VIOLATION OF THE APA- FORM I-130

---

[3] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

32. All prior paragraphs are re-alleged as if fully stated herein.

33. Plaintiff YAHYAEI has a statutory right to apply for and receive an adjudication of her Form I-130 pursuant to 8 U.S.C. § §1154(a)(1)(A)(i) and U.S.C. § 1154(b).

34. Defendants have a duty to adjudicate Plaintiff YAHYAEI's Form I-130 Petition within a reasonable period of time under 5 U.S.C. §555(b).

35. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

36. No other adequate remedy is available to Plaintiffs.

37. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate their respective Forms.

38. The delay in making a decision on Plaintiff YAHYAEI's Form I-130 extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

39. Given the Defendants' lack of a reason for not making a decision on Plaintiff YAHYAEI's Petition for over 26 months, her Form I-130 has been pending for an unreasonably long period of time.

40. Defendants have failed in their statutory duty to adjudicate Form I-130, Petition within a reasonable time.

41. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff YAHYAEI's Petition for Alien Relative and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff YAHYAEI's case.

42. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law. Defendants have willingly and unreasonably delayed and have

refused to adjudicate Plaintiff YAHYAEI's Form I-130, thereby depriving Plaintiffs of the rights to which they are entitled.

43. In addition, as a result of this delay, Plaintiffs have incurred enormous costs and significant attorney's fees. Also, as a result of Defendants' actions, Plaintiff YAHYAEI has been denied the right to petition for her spouse to become a lawful permanent resident of the United States. Furthermore, Plaintiff VALIKHANI has been unable to apply and receive his permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. Citizen. In effect, Plaintiffs' lives are on hold due to Defendants' inaction.

## COUNT II

### VIOLATION OF THE APA- FORM I-131

44. All prior paragraphs are re-alleged as if fully stated herein.

45. Plaintiff VALIKHANI, as an applicant of a pending Form I-485, Application to Adjust Status, has the right to apply for Form I-131, Application for Travel Document.

46. The Form I-131 Application will allow Plaintiff VALIKHANI to travel abroad for a temporary urgent humanitarian purpose or for some other personal or familial emergency while his Form I-485 remains pending with USCIS.

47. On March 15, 2024, Plaintiff VALIKHANI filed his Form I-131.

48. Plaintiff VALIKHANI's Form I-131 now continues to be pending for over one year and one month (over 13 months or 402 days).

49. Without a Form I-131, Travel Document, Plaintiff VALIKHANI is prevented from traveling while his Form I-485 Application remains pending.[4]

---

[4] Should Plaintiff VALIKHANI need to travel outside the United States for any emergency or urgent humanitarian purpose, while his Form I-485 Application for Adjustment of Status is pending, he cannot do so without first having

50. Defendants have a duty to adjudicate Plaintiff VALIKHANI's Application within a reasonable period of time under 5 U.S.C. §555(b).

51. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

52. No other adequate remedy is available to Plaintiffs.

53. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate the respective Forms.

54. Given the Defendants' lack of a reason for not making a decision on Plaintiff VALIKHANI's Form I-131 Application for over 13 months, Plaintiff's Application has been pending for an unreasonably long period of time.

55. Defendants have failed in their statutory duty to adjudicate Plaintiff VALIKHANI's Form I-131 Application within a reasonable time.

56. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff VALIKHANI's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff VALIKHANI's case.

57. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or not otherwise in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff VALIKHANI's Form I-131 Application for Advance Parole, thereby depriving Plaintiff of the rights to which he is entitled.

---

received an advance parole travel document. If he were to leave without first obtaining his travel document, his Application for Adjustment of Status would be considered as abandoned by USCIS and he would be prevented from returning to the United States.

58.     Additionally, as a direct consequence of the Defendants' delay, Plaintiff was unable to visit his family during a critical period, notably while his father was hospitalized. Sadly, Plaintiff VALIKHANI's father passed away on February 2, 2025. Plaintiff was denied the chance to be by his father's side in his final moments and was also unable to attend the funeral. Furthermore, he has been prevented from offering comfort and support to his family, who continue to grieve the profound loss of a most beloved family member.

59.     In addition, as a result of this delay, Plaintiffs have incurred enormous costs and significant attorney's fees. Also, as a result of Defendants' actions, Plaintiff VALIKHANI has been denied the right to obtain a Travel Document. In effect, Plaintiff VALIKHANI's life is on hold due to Defendants' inaction.

## COUNT III

### VIOLATION OF THE APA- FORM I-765

60.     All prior paragraphs are re-alleged as if fully stated herein.

61.     Plaintiff VALIKHANI has a statutory right to apply for and receive an adjudication of his Form I-765 pursuant to 8 C.F.R. § 274a.12(c)(9).

62.     On February 27, 2024, Plaintiff VALIKHANI filed his Form I-765.

63.     Defendants have a duty to adjudicate Plaintiff VALIKHANI's Form I-765 within a reasonable period of time under 5 U.S.C. §555(b).

64.     The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

65.     No other adequate remedy is available to Plaintiffs.

66.     Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate the Form I-765.

67. The delay in making a decision on Plaintiff VALIKHANI's Application extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

68. Given the Defendants' lack of a reason for not making a decision on Plaintiff VALIKHANI's Application for over 13 months, his Form I-765 Application has been pending for an unreasonably long period of time.

69. Defendants have failed in their statutory duty to adjudicate the Application within a reasonable period of time.

70. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff VALIKHANI's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff VALIKHANI's case.

71. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff VALIKHANI's Form I-765, thereby depriving Plaintiffs of the rights to which they are entitled.

72. Furthermore, as a result of the Defendants' delay, Plaintiff was deprived of the opportunity to visit his family during a crucial period, particularly when his father was hospitalized. Tragically, Plaintiff VALIKHANI's father passed away on February 2, 2025. Plaintiff was unable to be with his father before his passing or attend the funeral. In addition, he has been unable to provide support to his grieving family during this difficult time, as they continue to mourn the loss of a deeply loved family member.

73.     In addition, as a result of this delay, Plaintiffs have incurred enormous costs and significant attorney's fees. Also, as a result of Defendants' actions, Plaintiff VALIKHANI has been denied the right to obtain gainful employment in the United States.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiffs' respective Forms.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiffs' respective Forms immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: April 20, 2025                                                       Respectfully submitted,

  /s/ Daniel W. Son, Jr.,
**Daniel W. Son, Jr., Esq.**
**JEELANI LAW FIRM, PLC**
**511 E John W Carpenter Fwy # 500,**
**Las Colinas, TX 75062,**
danny@jeelani-law.com
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiffs*